BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division

CARLOTTA P. WELLS
Assistant Branch Director
Civil Division, Federal Programs Branch

BENJAMIN T. TAKEMOTO
(CA Bar No. 308075)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box No. 883, Ben Franklin Station
Washington, DC 20044
Phone: (202) 532-4252
Fax: (202) 616-8460
E-mail: benjamin.takemoto@usdoj.gov

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| THE WOMEN'S STUDENT UNION,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION,<br><br>Defendant. | Case No. 21-cv-1626-EMC<br><br>**Defendant's Opposition to Texas's Motion to Intervene**<br><br>Hon. Edward M. Chen<br>Hearing: June 10, 2021, 1:30 p.m.<br><br>Phillip Burton Federal Building & United States Courthouse, Courtroom 5, 17th Fl., 450 Golden Gate Ave., San Francisco, CA 94102 |

This case raises a purely legal question about the validity of a Department of Education regulation concerning federal financial recipients' responses to sex discrimination, including sexual harassment. *See* Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance, 85 Fed. Reg. 30,026 (May 19, 2020) [hereinafter 2020 Rule]. The State of Texas has filed a Motion to Intervene as a Defendant based on its support for that regulation. ECF No. 19. That support, however, does not justify intervention: Texas has failed to show how the federal government, which is responsible for defending federal regulations in court, would inadequately defend the 2020 Rule. Nor has Texas asserted any unique claim or defense; it simply piggybacks on the federal government's interest in defending against legal challenges to the 2020 Rule. For these reasons, Texas has failed to show why it should be permitted to intervene and its Motion to Intervene should be denied.

## BACKGROUND

On May 19, 2020, the Department of Education promulgated a regulation that specifies how recipients of federal financial assistance covered by Title IX, including elementary schools, secondary schools, colleges, and universities, must respond to allegations of sex discrimination, including sexual harassment, under Title IX of the Education Amendments of 1972. *See* 2020 Rule. Challenges to this regulation were brought in several districts. Two of those challenges have been dismissed. *See Know Your IX v. DeVos*, No. 20-cv-1224 (D. Md. dismissed Oct. 20, 2020); *New York v. ED*, No. 20-cv-4260 (S.D.N.Y. voluntarily dismissed Nov. 4, 2020). One is still pending. *See Victim Rights Law Center v. DeVos*, No. 20-cv-11104 (D. Mass. filed June 10, 2020). And another has been held in abeyance. *See Pennsylvania v. DeVos*, No. 20-cv-1468 (D.D.C. stayed Mar. 11, 2021).

Plaintiff brought this action on March 8, 2021, in which it asserted a single claim: that the Department violated the Administrative Procedure Act. *See* Compl. ¶¶ 83–89, ECF No. 1. Texas filed its Motion to Intervene as Defendant on April 7, 2021.

## LEGAL STANDARD

Rule 24 of the Federal Rules of Civil Procedure governs the terms under which a non-party may intervene. The first part of the rule sets forth certain circumstances under which a court *must* permit intervention: when the movant "is given an unconditional right to intervene by a federal statute; or . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated

that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). And the second part of the rule sets forth other circumstances under which a court *may* permit intervention: when the movant "is given a conditional right to intervene by a federal statute; or . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b).

## ARGUMENT

Texas has failed to show that either mandatory or permissive intervention is warranted here.

### I. Mandatory Intervention Should Be Denied Because Defendant Adequately Represents Texas's Interests.

The Ninth Circuit "considers three factors in determining the adequacy of representation: (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). In practice, however, "[t]he 'most important factor' to determine whether a proposed intervenor is adequately represented by a present party to the action is 'how the [intervenor's] interest compares with the interests of existing parties.'" *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950–51 (9th Cir. 2009) (quoting *Arakaki*, 324 F.3d at 1086). So "[w]here the party and the proposed intervenor share the same 'ultimate objective,' a presumption of adequacy of representation applies, and the intervenor can rebut that presumption only with a 'compelling showing' to the contrary." *Id.* (quoting *Arakaki*, 324 F.3d at 1086) (citing *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1305 (9th Cir. 1997)).

In addition, "[t]here is also an assumption of adequacy when the government is acting on behalf of a constituency that it represents, which must be rebutted with a compelling showing." *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011) (internal quotation marks omitted). For example, "[t]his presumption of adequacy is 'nowhere more applicable than in a case where the Department of Justice deploys its formidable resources to defend the constitutionality of a congressional enactment.'" *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 841 (9th Cir. 2011) (quoting *California ex rel. Lockyer v. United States*, 450 F.3d 436, 444 (9th Cir. 2006)).

1   Accordingly, Defendant's representation of the interests advanced by Texas is presumed to be adequate, as a matter of law, for two independent reasons: (1) because Defendant and Texas "share the same 'ultimate objective,'" *Perry*, 587 F.3d at 951 (quoting *Arakaki*, 324 F.3d at 1086)—to defend the Final Rule in litigation—and (2) because Defendant is a federal agency represented by the Department of Justice, and the Complaint challenges only the legality of the 2020 Rule, *Citizens for Balanced Use*, 647 F.3d at 898; *Freedom from Religion Found.*, 644 F.3d at 841. Ninth Circuit precedent requires a particularly "compelling showing," *Perry*, 587 F.3d at 951, to justify intervention in such circumstances. Texas has not made such a showing.

Rather than show how its interests are inadequately represented, Texas speculates that "the Department's interests are *unlikely* to overlap with intervenor Texas' interest." *See* Texas's Mem. ISO Mot. Intervene 10, ECF No. 19-1 (emphasis added). Such speculation is too attenuated to overcome the presumption that the Department of Justice, which is responsible for defending federal regulations in court, will defend against the legal challenges to the 2020 Rule. Defendant does not dispute that the Department is conducting a comprehensive review of its regulations implementing Title IX, including the 2020 Rule at issue here, pursuant to Executive Order 14,021 stating the current administration's policy on guaranteeing an educational environment free from discrimination on the basis of sex. *See* Guaranteeing an Educational Environment Free from Discrimination on the Basis of Sex, Including Sexual Orientation or Gender Identity, 86 Fed. Reg. 13,803 (Mar. 8, 2021). But neither the administration's stated policy position nor the Department's review of existing regulations abrogate the government's duty to defend federal regulations in court as a legal matter. And, those statements certainly do not support Texas's suggestion that the federal government would neglect to raise necessary elements as the defendant in this proceeding. On the contrary, the Department of Justice is capable of defending this litigation, while leaving room for any policy changes to the existing rule made through the ordinary administrative process. Texas has not made a "compelling showing" as to why the administration's policy statements means that the Department of Justice cannot adequately represent its interest in this procedural challenge to the 2020 Rule. Consequently, Texas has failed to demonstrate that it is entitled to intervention as a matter of right.

**II.     Permissive Intervention Should Be Denied Because Texas Has Not Raised a Unique Claim or Defense.**

Pursuant to Federal Rule of Civil Procedure 24(b), "a court may grant permissive intervention where the applicant for intervention shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1100 (9th Cir. 1999) (quoting *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997)). "Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). "In exercising its discretion, the district court must consider whether intervention will unduly delay the main action or will unfairly prejudice the existing parties." *Id.*

The Court should deny permissive intervention because this case involves purely legal attacks on the facial validity of the 2020 Rule. Unlike a dispute between private litigants in which a non-party seeks to intervene as a defendant to ensure that *its own* legal rights and obligations are adjudicated fairly and with its participation, Texas has no "claim or defense" that is "in common" with either Plaintiff or Defendant. It has no affirmative "claim" at all, as it seeks to intervene only as a defendant. And it has no "defense" that is common to the government, as no plaintiff could bring an APA claim against any entity other than the federal government. Texas might (or might not) serve a helpful role as *amici*, to the extent that it assists in presenting certain legal issues to the Court. But given the nature of this lawsuit against the federal government, supporting Defendant and hoping that it prevails does not give rise to a common "claim or defense" with any party in this litigation.

## CONCLUSION

For the foregoing reasons, the Court should deny Texas's Motion to Intervene.

Dated: May 6, 2021

Respectfully Submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division

CARLOTTA P. WELLS
Assistant Branch Director
Civil Division, Federal Programs Branch

*Benjamin T. Takemoto*
BENJAMIN T. TAKEMOTO
(CA Bar No. 308075)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box No. 883, Ben Franklin Station
Washington, DC 20044
Phone: (202) 532-4252
Fax: (202) 616-8460
E-mail: benjamin.takemoto@usdoj.gov

*Attorneys for Defendant*