**OFFICE OF THE ATTORNEY GENERAL OF TEXAS**
PATRICK K. SWEETEN, (*pro hac vice motion forthcoming*)
  E-Mail: Patrick.Sweeten@oag.texas.gov
KATHLEEN T. HUNKER, (*pro hac vice motion forthcoming*)
  E-Mail: Kathleen.Hunker@oag.texas.gov
P.O. Box 12548 (MC-009)
Austin, TX 78711-2548
Telephone: 512.936.1414
Facsimile: 512.936.0545

**LEWIS BRISBOIS BISGAARD & SMITH** LLP
MICHAEL K. JOHNSON, CA Bar No. 130193
  E-Mail: Michael.Johnson@lewisbrisbois.com
2185 North California Boulevard, Suite 300
Walnut Creek, California 94596
Telephone: 925.357.3456
Facsimile: 925.478.3260
Attorneys for Intervenor-Defendant
KEN PAXTON IN HIS OFFICIAL CAPACITY AS
ATTORNEY GENERAL OF TEXAS

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| THE WOMEN'S STUDENT UNION, | Case No. 3:21-cv-01626-EMC |
| Plaintiff, | **RESPONSE TO PLAINTIFF'S STATEMENT OF RECENT DECISION** |
| vs. | Judge: Hon. Edward M. Chen |
| U.S. DEPARTMENT OF EDUCATION, | |
| Defendant. | **Date:** June 10, 2021 |
| and | **Time:** 1:30 p.m. |
| STATE OF TEXAS, | **Crtrm:** 5, 17th Floor |
| [Proposed] Intervenor-Defendant. | |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

The minute order issued by the District Court of Massachusetts on May 12, 2021 regarding Texas' motion to intervene in *Victim Rights Law Center (VRLC) v. DeVos* must be read in the context of timeliness, which is not at issue here. 1:20-cv-11104-WGY (D. Mass. May 12, 2021). Texas filed its motion to intervene in *VRCL* ten months after the plaintiffs initiated litigation and four months after the District Court held a trial on the merits. All of the issues in that case had been fully briefed. The parties merely awaited the court's ruling, which has not yet been issued. "As a case progresses toward its ultimate conclusion, the scrutiny attached to a request for intervention necessarily intensifies." *R & G Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*, 584 F.3d 1, 7 (1st Cir. 2009) (citing *Banco Popular v. Greenblatt*, 964 F.2d 1227, 1231 (1st Cir. 1992)). Accordingly, even where a movant identifies a lack of adequate representation, the court will deny the motion if intervention at such a late stage is likely to severely prejudice the existing parties. *In re Efron*, 746 F.3d 30, 37 (1st Cir. 2014) (weighing the harm suffered from the motion's denial against "the prejudice that would inure to [the parties] if intervention were granted at this late date"). In other words, a showing that may have succeeded earlier in litigation to establish a need for intervention may prove insufficient as the litigation matures.

In the present action, Texas sought intervention within one month of Plaintiff commencing its lawsuit and before the Department of Education ("the Department") appeared before this Court. Neither party contests that Texas' motion is timely. *See* ECF 27, 28.  This Court therefore would not be applying the same heightened scrutiny to Texas' motion as was done in *VRLC* but rather the typical presumption that arises when a party nominally shares the same ultimate objective as the applicant. *See California v. Health & Human Services*, 330 F.R.D. 248, 254 (N.D. Cal. 2019). Utilizing the proper analysis, Texas' motion succeeds. Texas has identified numerous instances where President Biden and the Biden Administration have not only expressed hostility to the Final Rule but also where the administration has taken early steps toward the challenged regulations' repeal. *Miller v. Ghirardelli Chocolate Co*., C 12-04936 LB, 2013 WL 6776191, at *8 (N.D. Cal. Dec. 20, 2013) (noting that presumption may be overcome by adversity of interest). These statements and actions, in their totality, provide a compelling showing that the Department's interests are not such that it will undoubtedly make all of Texas' arguments or, indeed, even defend

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4852-0262-0650.1                                    1                        Case No. 3:21-cv-01626-EMC
RESPONSE TO PLAINTIFF'S STATEMENT OF RECENT DECISION

the rule at all. *See Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 900 (9th Cir. 2011) (holding that intervention of right "does not require an absolute certainty" that "existing parties will not adequately represent [movant's] interests").

Furthermore, even if this Court determined that adequate representation existed with respect to Federal Rule of Civil Procedure 24(a)(2), the finding would not preclude this Court from exercising its vast discretion and granting Texas permissive intervention pursuant to Rule 24(b). *See Scholl v. Mnuchin*, 483 F. Supp. 3d 822, 825 (N.D. Cal. 2020) (identifying inadequate representation as a relevant, not threshold, factor). The rationale for permissive intervention is far stronger here than in *VRLC*. First, almost the entirety of the proceedings in *VRLC* occurred prior to January 20, 2021, when the Biden Administration assumed officed. Accordingly, the issues were briefed when the Department had a genuine interest in defending the regulations and thereby Texas' interests. *See N.H. Ins. Co. v. Greaves*, 110 F.R.D. 549 (D.R.I.1986)) (granting intervention because a "just and equitable resolution" involves "the strongest possible arguments by counsel"). That is not the case here. Second, the only potential prejudice alleged by Plaintiff stems from baseless speculation concerning Texas' litigation strategy, which Texas addressed in its earlier filings. *See* ECF 29 at 11–12, 14. And there is no possibility that the parties will be prejudiced due to the timing of Texas' motion since Texas filed at in the earliest stage of litigation, unlike *VRLC*. *See UMG Recordings, Inc. v. Bertelsmann AG*, 222 F.R.D. 408, 415 (N.D. Cal. 2004) (noting that prejudice to existing parties is the court's "principal consideration" when assessing a motion to intervene).

Thus, while Texas maintains that intervention would be proper in *VRLC*, the minute order issued by District Court of Massachusetts is readily distinguishable from the present action. Intervention should be granted.

//
//
//
//
//
//

1    DATED: May 18, 2021                    Respectfully submitted.

2                                           LEWIS BRISBOIS BISGAARD & SMITH LLP

3                                           */s/ Michael K. Johnson*

4                                           Michael K. Johnson
                                            Attorneys for Defendant

5                                           KEN PAXTON IN HIS OFFICIAL
                                            CAPACITY AS  ATTORNEY GENERAL

6                                           OF TEXAS

7                                           Patrick K. Sweeten

8                                           Deputy Attorney General
                                            for Special Litigation

9                                           Ken Paxton
                                            Attorney General of Texas

10                                          Brent Webster
                                            First Assistant Attorney General

11                                          Grant Dorfman

12                                          Deputy First Assistant Attorney General
                                            William T. Thompson

13                                          Deputy Chief, Special Litigation Unit
                                            Kathleen T. Hunker

14                                          Special Counsel
                                            Attorneys for Defendant

15                                          KEN PAXTON IN HIS OFFICIAL
                                            CAPACITY AS  ATTORNEY GENERAL

16                                          OF TEXAS

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

**CERTIFICATE OF SERVICE**
*The Women's Student Union v. U.S. Department of Education, et al.*
USDC-ND, San Francisco Division, Case No. 3:21-cv-01626-EMC

2

3   STATE OF CALIFORNIA, COUNTY OF SACRAMENTO

4        At the time of service, I was over 18 years of age and not a party to the action. My business
address is 2020 West El Camino Avenue, Suite 700, Sacramento, CA 95833. I am employed in the
5   office of a member of the bar of this Court at whose direction the service was made.

6        On May 18, 2021, I served the following document: **RESPONSE TO PLAINTIFF'S
STATEMENT OF RECENT DECISION**
7

8        The document was served by the following means:

9   ☒ **(BY COURT'S CM/ECF SYSTEM)** Pursuant to Local Rule, I electronically filed the
document with the Clerk of the Court using the CM/ECF system, which sent notification of that
10  filing to all persons registered by the Court to receive Notifications of Electronic Filing.

11       I declare under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct.
12

13  Dated:  May 18, 2021                      */s/ Sandra Hayes*
                                           Sandra Hayes
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW