BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division

CARLOTTA P. WELLS
Assistant Branch Director
Civil Division, Federal Programs Branch

BENJAMIN T. TAKEMOTO
(CA Bar No. 308075)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box No. 883, Ben Franklin Station
Washington, DC 20044
Phone: (202) 532-4252
Fax: (202) 616-8460
E-mail: benjamin.takemoto@usdoj.gov

*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

|  |  |
|---|---|
| THE WOMEN'S STUDENT UNION,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION,<br><br>Defendant. | Case No. 21-cv-1626-EMC<br><br>**Defendant's Notice of Motion and Motion to Hold the Case in Abeyance**<br><br>Hon. Edward M. Chen<br>Hearing: July 15, 2021, 1:30 p.m.<br><br>Phillip Burton Federal Building & United States Courthouse, Courtroom 5, 17th Fl., 450 Golden Gate Ave., San Francisco, CA 94102 |

**NOTICE OF MOTION AND MOTION TO HOLD THE CASE IN ABEYANCE**

PLEASE TAKE NOTICE THAT on July 15, 2021, before the Honorable Edward M. Chen, Courtroom 5, 17th Floor, 450 Golden Gate Avenue, San Francisco, California, 94102, Defendant U.S. Department of Education will move and hereby moves the Court for an order holding this case in abeyance.

In brief, Defendant requests that the Court hold this case in abeyance while it reviews the regulation at issue in this case. Defendant's motion is based on this Notice; the accompanying Memorandum of Points and Authorities; the Court's files and records in this action; Plaintiff's Complaint, ECF No. 1; any matter that may be judicially noticed; and any other matter that the Court may consider at any oral argument that may be presented in support of this motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff in this case, the Women's Student Union, seeks to vacate a regulation promulgated by Defendant U.S. Department of Education, Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance, 85 Fed. Reg. 30,026 (May 19, 2020) [hereinafter 2020 Rule]. Shortly after Plaintiff filed its Complaint, however, the President issued an Executive Order directing the Secretary of Education to review the 2020 Rule and consider whether it should be suspended, revised, or rescinded. *See* Exec. Order No. 14,021, 86 Fed. Reg. 13,803 (Mar. 8, 2021). The Department has begun that review and has scheduled a multi-day public hearing the week of June 7, 2021. *See* Announcement of Public Hearing, 86 Fed. Reg. 27,429 (May 20, 2021). It is possible that at the conclusion of the Department's review, the issues in this case will have narrowed or, indeed, the entire case will be moot. And, until that time, Plaintiff will not be prejudiced: Plaintiff has not sought preliminary relief and waited nearly one year after the 2020 Rule was published—long after four other lawsuits challenging the 2020 Rule on similar grounds were filed—to file its Complaint. Accordingly, the Department requests that the Court hold this case in abeyance—just as the District Court for the District of Columbia has done in a parallel lawsuit—to avoid the unnecessary burden on the parties and waste of judicial resources.

Courts have the inherent authority to hold proceedings in abeyance. *See Landis v. N. Am. Co.*, 299 U.S. 248, 253 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel,

1    and for litigants."). To determine whether an abeyance is warranted, courts consider "the possible damage

2    which may result from the granting of a stay, the hardship or inequity which a party may suffer in being

3    required to go forward, and the orderly course of justice measured in terms of the simplifying or

4    complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX,*

5    *Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

6          The benefit to judicial economy that an abeyance would offer is clear. The Department is currently

7    undergoing a review of the 2020 Rule that could narrow the issues in this case or moot it entirely. The

8    President has directed the Secretary of Education to examine the 2020 Rule for consistency with Title IX

9    of the Education Amendments of 1972 and existing federal policy. *See* Exec. Order No. 14,021, 86 Fed.

10   Reg. at 13,803. Specifically, the Executive Order directs the Secretary to "review existing guidance and

11   issue new guidance as needed on the implementation of" the rule "[a]s soon as practicable, and as

12   appropriate and consistent with applicable law," and to "consider suspending, revising, or rescinding—or

13   publishing for notice and comment proposed rules suspending, revising, or rescinding—those agency

14   actions that are inconsistent with" federal law and existing federal policy "as soon as practicable and as

15   appropriate and consistent with applicable law."

16         On April 6, 2021, as part of implementing Executive Order 14,021, the Department announced a

17   comprehensive review of the 2020 Rule. *See* Department of Education's Office for Civil Rights Launches

18   Comprehensive Review of Title IX Regulations to Fulfill President Biden's Executive Order Guaranteeing

19   an Educational Environment Free from Sex Discrimination (Apr. 6, 2021),

20   https://www.ed.gov/news/press-releases/department-educations-office-civil-rights-launches-

21   comprehensive-review-title-ix-regulations-fulfill-president-bidens-executive-order-guaranteeing-

22   educational-environment-free-sex-discrimination [hereinafter Review Announcement]. As part of this

23   comprehensive review, the Department's Office for Civil Rights has scheduled a multi-day public hearing

24   to enable those who are interested to share their views through oral comments and written submissions.

25   *See* Announcement of Public Hearing, 86 Fed. Reg. at 27,429–30. To assist schools, students, and others

26   in better understanding OCR's expectations with respect to compliance with Title IX and the rule, OCR

27   will also issue a new question-and-answer document in the coming months. *See* Review Announcement.

28   After hearing from the public and completing its review of the 2020 Rule, OCR anticipates publishing a

1  notice of proposed rulemaking. *See id.*

2        The Department's review of the 2020 Rule is thus proceeding apace. And at the end of that review,

3  the portions of the 2020 Rule that Plaintiff challenges may no longer exist. If the Court denies Defendant's

4  request for an abeyance, the parties and the Court will potentially spend considerable resources

5  unnecessarily litigating this case. Two entities have already sought to intervene in this case, which both

6  parties oppose and have already begun to litigate. Defendant also intends to file a motion to dismiss raising

7  several threshold issues, including whether Plaintiff has Article III standing and whether there are other

8  adequate alternative remedies that preclude review under the Administrative Procedure Act (APA). If

9  Defendant's motion to dismiss is denied, Defendant will lodge an administrative record for the 2020 Rule,

10  which, in the other cases has totaled 293,592 pages. Although Defendant's view is that a privilege log is

11  not warranted in an APA case, should the Court order a privilege log, that too will be burdensome to

12  prepare. And, it would be subject to review by the Court and Plaintiff. At the end of that process, the

13  parties will cross-move for summary judgment, addressing the various legal issues that Plaintiff has raised

14  in its complaint. This, and all other motions, may have hearings, which will demand further resources.

15  And, of course, should either party decide to appeal, the litigation will continue in the Court of Appeals.

16  This process will likely take over a year to complete—of the four cases that were filed nearly a year ago

17  challenging the 2020 Rule, the only two that are no longer pending were dismissed either voluntarily or

18  as a result of a motion to dismiss. One year from now, the Department may well have made significant

19  progress reviewing the 2020 Rule such that all of this effort by the parties and the Court will be for naught.

20  It makes little sense under these circumstances for the parties to litigate motions to intervene, motions to

21  dismiss, and motions for summary judgment, lodge a privilege log and administrative record, and for the

22  Court to issue decisions on those motions.

23        By contrast, Plaintiff would not be prejudiced by an abeyance. Even assuming that Plaintiff has

24  alleged an Article III injury (which Defendant contests), it is not the sort of injury that would demand

25  unnecessarily rushed litigation. Plaintiff asserts that the 2020 Rule is unlawful, but it does not explain how

26  it, in particular, is injured. At most, it points to an administrative complaint that it filed with OCR just

27  months prior to filing this lawsuit. *See* Compl. ¶¶ 76–82. That complaint alleges that the Berkeley Unified

28  School District has violated Title IX in various ways, which, in Plaintiff's view, are not cognizable under

the 2020 Rule. Further, it is not yet known how the Department will resolve Plaintiff's administrative complaint and whether that resolution will rely on the 2020 Rule in ways that the Plaintiff would argue are injurious. In sum, Plaintiff has not alleged a sufficient injury to overcome the benefits of an abeyance.

Plaintiff's delay in bringing this suit underscores that an abeyance would not cause it meaningful prejudice. This action was brought more than a year after the 2020 Rule was published over one year ago. Since that time, four sets of plaintiffs brought virtually identical lawsuits in other districts. *Compare* Compl. ¶¶ 83–89 (asserting that the 2020 Rule is contrary to Title IX, changed policy without justification or awareness, failed to consider certain aspects of the problem, failed to consider certain evidence, is inconsistent with other anti-discrimination statutes), *with, e.g.*, 2d Am. Compl. ¶¶ 267–93, *Victim Rights Law Ctr. v. Cardona*, No. 20-cv-11104 (D. Mass. filed Nov. 18, 2020) (asserting the same allegations). Two of these lawsuits were dismissed in before Plaintiff filed its Complaint. *See Know Your IX v. DeVos*, No. 20-cv-1224 (D. Md. dismissed Oct. 20, 2020); *New York v. ED*, No. 20-cv-4260 (S.D.N.Y. dismissed Nov. 4, 2020). And in three of the four cases that were filed, the plaintiffs sought preliminary relief without success (the fourth set of plaintiffs did not seek preliminary relief). *See Pennsylvania v. Cardona*, No. 20-cv-1468 (D.D.C. Mot. Prelim. Inj. denied Aug. 12, 2020); *New York* (Mot. Prelim. Inj. denied Aug. 9, 2020); *Victim Rights Law Ctr.* (Mot. Prelim. Inj. "collapsed with trial on the merits" Sept. 2, 2020). Notably, Plaintiff has not attempted to seek preliminary relief in this case furthering indicating that it would not be prejudiced by a reasonable abeyance.

Because the benefit of an abeyance far outweighs any prejudice to Plaintiff, an abeyance is warranted. Case in point, the *Pennsylvania* court, at the behest of the parties, has held that case in abeyance for the same reasons set forth in this motion. *See* Order, *Pennsylvania* (Mar. 11, 2021) (holding that "judicial economy would be well served by allowing the government to evaluate 'potential regulatory changes'" (quoting *Util. Solid Waste Activities Grp. v. EPA*, 901 F.3d 414, 426 (D.C. Cir. 2018))). Notably, the *Pennsylvania* court held that case in abeyance despite the fact that it was at a more advanced stage of litigation than this case: the Department had already lodged the administrative record and the parties were in the process of briefing their cross-motions for summary judgment. As the parties proposed in *Pennsylvania*, so does Defendant here propose to hold this case in abeyance for sixty days, at which point the parties can file a joint status report updating the Court on whether additional proceedings are

1  necessary.

2       Defendant has conferred with Plaintiff regarding the relief requested in this motion, and Plaintiff

3  has advised Defendant that they oppose an abeyance.

4    Dated: June 4, 2021                       Respectfully Submitted,

5

6                                          BRIAN M. BOYNTON
                                        Acting Assistant Attorney General
                                        Civil Division

7                                          CARLOTTA P. WELLS

8                                          Assistant Branch Director
                                        Civil Division, Federal Programs Branch

9                                        *Benjamin T. Takemoto*

10                                          BENJAMIN T. TAKEMOTO
                                        (CA Bar No. 308075)

11                                          Trial Attorney
                                        United States Department of Justice

12                                          Civil Division, Federal Programs Branch
                                        P.O. Box No. 883, Ben Franklin Station

13                                          Washington, DC 20044
                                        Phone: (202) 532-4252

14                                          Fax: (202) 616-8460
                                        E-mail: benjamin.takemoto@usdoj.gov

15                                          *Attorneys for Defendant*

16

17

18

19

20

21

22

23

24

25

26

27

28