BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division

CARLOTTA P. WELLS
Assistant Branch Director
Civil Division, Federal Programs Branch

BENJAMIN T. TAKEMOTO
(D.C. Bar No. 1045253)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box No. 883, Ben Franklin Station
Washington, DC 20044
Phone: (202) 532-4252
Fax: (202) 616-8460
E-mail: benjamin.takemoto@usdoj.gov

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| THE WOMEN'S STUDENT UNION, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF EDUCATION, <br><br> Defendant. | Case No. 21-cv-1626-EMC <br><br> **Benjamin T. Takemoto's Declaration** <br><br> Hon. Edward M. Chen <br> Hearing: May 20, 2021, 1:30 p.m. <br><br> Phillip Burton Federal Building & United States Courthouse, Courtroom 5, 17th Floor, 450 Golden Gate Ave., San Francisco, CA 94102 |

*WSU v. ED*, No. 21-cv-1626-EMC, Takemoto Decl.

I, Benjamin T. Takemoto, declare as follows:

1. Several reasons support Defendant U.S. Department of Education's request to extend time to file its response to the Complaint and the Foundation for Individual Rights' (FIRE's) Motion to Intervene, ECF No. 35, and to continue the case management conference and hearing on the motions to intervene. The purpose of the Motion to Hold the Case in Abeyance is to conserve party and judicial resources. Yet, at present, the hearing on that Motion is scheduled for July 15, 2021, which is on the same day as the Case Management Conference and the hearings on Texas's and FIRE's Motions to Intervene. The abeyance hearing is also after the deadlines for the parties' response to FIRE's Motion to Intervene (June 14, 2021), FIRE's Reply (June 21, 2021), Defendant's response to the Complaint (June 18, 2021), and the Case Management Statement (July 8, 2021). However, all of these filings and hearings may become unnecessary depending on the result of the Department's review of the regulation at issue in this case, Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance, 85 Fed. Reg. 30,026 (May 19, 2020) [hereinafter 2020 Rule]. Defendant requests that the Court sequence the hearings and briefing schedule in this case such that the fewest resources as necessary are expended. This would be accomplished by resolving the Motion to Hold the Case in Abeyance first.

2. As set forth in Defendant's Motion to Hold the Case in Abeyance, there are several reasons to hold this case in abeyance while the Department reviews the 2020 Rule. In brief, the result of the Department's review may narrow the issues in this case or moot it altogether. Accordingly, the considerable resources that would be spent briefing motions to dismiss, motions to intervene, and motions for summary judgment; preparing for hearings; lodging the administrative record (which totals nearly 300,000 pages for this regulation) and any privilege log; and litigating any appeals may well be unnecessary. And Plaintiff The Women's Student Union, which waited nearly one year to file its Complaint (long after several other organizations and a states filed suit in other districts) and whose alleged injuries are speculative and not imminent, would not be prejudiced by an abeyance.

3. The above reasons also support Defendant's alternative request for a single extension to file its response to the Complaint. Defendant expects to raise significant and complex threshold issues in a motion to dismiss. If the Motion to Hold the Case in Abeyance is granted, however, the considerable

1. resources that would be expended on that motion would have been unnecessary. Furthermore, there are several preliminary issues to be resolved first, including the abeyance and intervention motions. And, again, Plaintiff would not be prejudiced by this modest extension. Under these circumstances, there is no reason to begin briefing a potentially unnecessary motion to dismiss.

4. Plaintiff opposes Defendant's Motion to Hold the Case in Abeyance.

5. Defendant has asked if Plaintiff would stipulate to this time change, but Plaintiff opposes the requested time change.

6. If the Court does not grant this Motion, the parties and the Court would incur the substantial harm or prejudice set forth in Defendant's Motion to Hold the Case in Abeyance: unnecessary resources expended on the upcoming filings and hearings.

7. The parties have previously stipulated to an extension to respond to Texas's Motion to Intervene, ECF No. 24, and FIRE's Motion to Intervene, ECF No. 43. And, the Court has rescheduled the deadline for the Case Management Statement to July 8, 2021 and the Case Management Conference and Hearing on the Motions to Intervene to July 15, 2021.

8. This requested time modification would extend all deadlines and hearings in this case until after the Court rules on Defendant's Motion to Hold the Case in Abeyance.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Washington, D.C. on June 7, 2021.

*Benjamin T. Takemoto*
BENJAMIN T. TAKEMOTO