John C. He (CA Bar No. 328382)
Adrienne Spiegel (CA Bar No. 330482)
Public Justice
475 14th Street, Suite 610
Oakland, CA 94612
Ph: (510) 622-8150
Fax: (202) 232-7203
Email: jhe@publicjustice.net
       aspiegel@publicjustice.net

*Listing continues on next page*

Counsel for Plaintiff The Women's Student Union

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE WOMEN'S STUDENT UNION, | **PLAINTIFF'S OPPOSITION TO MOTION TO HOLD THE CASE IN ABEYANCE** |
| *Plaintiff*, | Civil Action No. 3:21-cv-01626-EMC |
| v. | Judge: Honorable Edward M. Chen |
| U.S. DEPARTMENT OF EDUCATION, | Courtroom 5, 17th Floor, 450 Golden Gate Ave., San Francisco, CA 94102 |
| *Defendant*. | |

Seth M. Galanter*
National Center for Youth Law
712 H Street NE, Suite 32020
Washington, DC 20002
Ph: (202) 868-4781
Fax: (510) 835-8099
Email: sgalanter@youthlaw.org

Adele P. Kimmel (CA Bar No. 126843)
Alexandra Z. Brodsky*
Public Justice
1620 L Street NW, Suite 630
Washington, DC 20036
Ph: (202) 797-8600
Fax: (202) 232-7203
Email: akimmel@publicjustice.net
         abrodsky@publicjustice.net

Linda M. Correia*
Lauren A. Khouri*
Correia & Puth, PLLC
1400 16th Street NW, Suite 450
Washington DC 20036
Ph: (202) 602-6500
Fax: (202) 602-6501
Email: lcorreia@correiaputh.com
         lkhouri@correiaputh.com

*admitted pro hac vice

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................... 1

FACTUAL BACKGROUND ......................................................................................................... 2

ARGUMENT .................................................................................................................................. 4

I.  This Case Should Not Be Held In Abeyance Pending The Department's Possible Rulemaking Of Indeterminant Length That Might Possibly Address The Provisions Challenged By WSU .......................................................................................................... 4

II. This Case Is Governed By Local Rule 16-5 And There Is No Reason To Deviate From The Briefing Schedule Provided By That Rule ........................................................ 7

CONCLUSION ............................................................................................................................. 10

*Plaintiff's Opposition to Motion to Hold Case in Abeyance - 3:21-cv-01626-EMC*     i

# INTRODUCTION

The Department of Education seeks a double dose of delay before the Court hears the merits of The Women's Students Union ("WSU's") claims that portions of the Department's 2020 Regulations must be set aside under the Administrative Procedure Act.[1] This Court should reject these proposed delays.

First, in its Motion to Hold This Case in Abeyance (ECF 44), the Department expressly seeks an abeyance that (in 60-day increments) would potentially last years, on the chance that it might eventually change some of the specific provisions challenged in this lawsuit through notice-and-comment rulemaking. Even if that were likely (and the Department offers no such prediction), it would not moot out WSU's challenge because those changes would not be retroactive and thus not address one of WSU's current and ongoing injuries – that the Department will not investigate the sexual misconduct WSU alleges occurred between August 2020 (the effective date of the 2020 Regulations) and now because the 2020 Regulations do not permit it. And contrary to the Department's suggestion, WSU should not be penalized because it elected to wait a semester to see how its school district responded to the 2020 Regulations before filing its timely suit. Nor should WSU experience such an indefinite delay because it is relying on the normal, prompt pace of litigation in this Court, rather than seeking the extraordinary relief of a preliminary injunction.

Second, apart from the proposed abeyance, the Department indicates in this Motion (ECF 44 at 3) and elsewhere (ECF 47-1 at 1) that it intends to ask this Court to divide briefing into two phases: one to address the Department's yet-to-be-filed motion to dismiss; and, only if that is not granted in full, a second phase to address the merits. But the Department offers no reason, other

---

[1] The Department has asked for a third measure of delay in its pending administrative Motion to Extend Time (ECF 47), urging the Court suspend the current due dates on a pending motion to intervene and the Department's response to the Complaint, as well as the current date for Case Management Conference and motions hearing until the Court rules on this Motion. WSU is filing a separate response to that administrative Motion.

*Plaintiff's Opposition to Motion to Hold Case in Abeyance - 3:21-cv-01626-EMC*   1

than its own convenience, why the parties could not and should not address all the issues in one set of briefs. Indeed, its proposal imposes additional burdens on both the Court and WSU. For example, if this Court denies the Department's motion to dismiss on standing even in part (and the Department offers no reason to think otherwise), WSU will still need to brief and submit evidence of standing in support of its motion for summary judgment.

The simpler and more common approach is to have one set of briefing – where WSU files an opening brief that puts forward its case why it is entitled to summary judgment on standing and the merits, the Department files one responsive brief that addresses those arguments and offers any alternative grounds for opposing summary judgment, and then WSU files a reply brief. This is the system prescribed by Local Rule 16-5 in "actions for District Court review on an administrative record," and the Department offers no reason to deviate from it in this case. The Court should deny the Department's motion and order the parties to move forward with the briefing schedule required with Local Rule 16-5.

## FACTUAL BACKGROUND

In 2020, former Secretary of Education Elisabeth DeVos promulgated new Title IX regulations (the "2020 Regulations") concerning how the Department would judge schools' responses to sexual harassment in evaluating federal administrative civil rights complaints. *See Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance,* 85 Fed. Reg. 30,026 (May 19, 2020) (codified at various places in 34 C.F.R. § 106). Only four provisions are at issue in this suit. *See* Compl., ECF 1, at ¶¶ 11-16. Specifically, for purposes of evaluating federal administrative civil rights complaints, the 2020 Regulations dramatically departed from the Department's long-standing interpretation of Title IX in evaluating federal administrative sexual harassment complaints, as well as its continued standards for race and disability-based harassment. In these regards it:

- Narrowed the definition of sexual harassment, requiring schools to address only harassment that is "severe" *and* "pervasive," 34 C.F.R. § 106.30(a)(2);
- Excused schools from addressing sexual harassment that occurs outside its educational programs or activities, even if that harassment causes a hostile environment within an educational program or activity, *id.* § 106.44(a);
- Adopted an actual knowledge standard for sexual harassment, under which schools are not responsible for their failures to address harassment they should have known about if they did not actually know about it, *id.* §§ 106.30(a), 106.44(a); and
- Adopted a deliberate indifference standard, under which a school fulfills its obligations under Title IX so long as it does not act "clearly unreasonabl[y]," and under which a school is only required to address the impact of sexual harassment on its target, not on any third parties, *id*. § 106.44(a).

On March 8, 2021, President Biden signed an Executive Order on *Guaranteeing an Educational Environment Free from Discrimination on the Basis of Sex, Including Sexual Orientation or Gender Identity*. Exec. Order No. 14021, 86 Fed. Reg. 13,803 (Mar. 8, 2021). The Executive Order announced that "[i]t is the policy of [President Biden's] Administration that all students should be guaranteed an educational environment free from discrimination on the basis of sex, including discrimination in the form of sexual harassment, which encompasses sexual violence, and including discrimination on the basis of sexual orientation or gender identity." *Id*. The Executive Order instructed the Secretary of Education to "review all existing regulations, orders, guidance documents, policies, and any other similar agency actions (collectively, agency actions) that are or may be inconsistent with the [announced] policy." *Id*. Among the agency actions that require review, the Executive Order specified, are the 2020 Regulations. *Id*. The Executive Order did not instruct the Defendant to rescind or stop enforcing the 2020 Regulations, and did not mention the provisions at issue in WSU's lawsuit. *See id*.

On April 6, 2021, Suzanne Goldberg, the Department's Acting Assistant Secretary for Civil Rights, released a letter explaining the process by which the Department would undertake its review "to determine whether changes or additions to the Department's Title IX regulations and

any related agency actions may be necessary." Suzanne B. Goldberg, U.S. Dep't. of Educ., *Letter to Students, Educators, and other Stakeholders re Executive Order 14021* (Apr. 6, 2021), https://www2.ed.gov/about/offices/list/ocr/correspondence/stakeholders/20210406-titleix-eo-14021.pdf. In that letter, Goldberg indicated that the Department "anticipates" that – after soliciting public comments – it will "publish[] in the Federal Register a notice of proposed rulemaking to amend the Department's Title IX regulations." *Id*. at 2-3. The letter does not indicate the Department intends to change any of the provisions WSU challenges, does not establish a timeline by when the Department will complete its review or proposed rule, and does not suggest that the Department will not enforce the current regulations in the interim. *See id*.

## ARGUMENT

### I.   This Case Should Not Be Held In Abeyance Pending The Department's Possible Rulemaking Of Indeterminant Length That Might Possibly Address The Provisions Challenged By WSU

The Department urges this Court to hold this case in abeyance, in 60-day increments, until it concludes its "comprehensive review" (ECF 44 at 2) of the entirety of the 2020 Regulations, which it describes as "proceeding apace" (ECF 44 at 3). It notes that it has held a multi-day public hearing this month that it "anticipates" (ECF 44 at 3) will lead to a notice of proposed rulemaking and, left unstated, ultimately a final rule. At "the conclusion of the Department's review," *i.e.*, after the final rule is adopted, the Department tells us it is "possible" the portions of the 2020 Regulations that WSU challenges "may no longer exist" (ECF 44 at 1, 3). In a year, it says, it "may well have made significant progress reviewing the 2020 Rule" (ECF 44 at 3).

WSU takes no solace from these carefully hedged words, nor should the Court. Of course, it's possible that the provisions challenged by WSU will not be in effect in a year, but it's much more likely that they will be. The Department took eighteen months (November 29, 2018 to May 19, 2020) from publishing a notice of proposed rulemaking to issuing the final 2020 Regulations.

*See* 85 Fed. Reg. at 30,031. The effective date of the regulations was three months later. *Id*. at 30,026. And the Department has indicated in the "Review Announcement" (cited at ECF 44 at 2-3) that, unlike the 2020 Regulations, the new anticipated rule may also address issues related to sexual orientation and gender identity[2] – inclusions that WSU supports, but these are hardly additions that are likely to speed up the regulatory process.  At the end of this long rulemaking, the Department may have changed the rules, but there is no guarantee – or even a particular reason to believe – it will have changed the four specific provisions challenged by WSU.

In any event, even if the challenged regulations were changed exactly as desired by WSU in 2022 or 2023, that would not moot out this case.  Any changes the Department adopts will be prospective only. *See Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988). But one of WSU's claimed injuries is that the Department will not investigate and remedy certain harmful conduct (and the school district's non-response) that has occurred (or failed to occur) since the effective date of the 2020 Regulations even though the Department would have previously done so.  Compl., ECF 1, ¶¶ 77-81.  It is only by having the 2020 Regulations set aside that the Department will be able and obligated to investigate and remedy, through its administrative process, the behavior (or failure to respond) that has occurred in 2020 and 2021.  This difference in the type of injury WSU is experiencing may explain why WSU is not willing to wait and see what happens to the 2020 Regulations.  (So, too, might WSU members' age; a year might be a

---

[2] *See Department of Education's Office for Civil Rights Launches Comprehensive Review of Title IX Regulations to Fulfill President Biden's Executive Order Guaranteeing an Educational Environment Free from Sex Discrimination* (Apr. 6, 2021) ("OCR is undertaking a comprehensive review of the Department's existing regulations and other actions related to Title IX by gathering the public's views and insights on the issue of sexual harassment in school environments, including sexual violence, and discrimination based on sexual orientation and gender identity."), https://www.ed.gov/news/press-releases/department-educations-office-civil-rights-launches-comprehensive-review-title-ix-regulations-fulfill-president-bidens-executive-order-guaranteeing-educational-environment-free-sex-discrimination.

short time for a state attorney general's office to wait, but it is a long time in the life of a high schooler.) Notably, the Department does not point to any case challenging the 2020 Regulations where a court has abated the case over the objection of the plaintiffs.

The Department also criticizes WSU for waiting to file suit compared to the plaintiffs in other cases challenging the 2020 Regulations, all of whom filed before or shortly after the effective date of the regulation. (ECF 44 at 1, 4). But WSU did not elect to file suit lightly. It was only after it saw how its school district responded to the new, lesser, requirements of the 2020 Regulations that it determined that going to court was appropriate. In any event, Congress gave aggrieved persons six years to file an APA action, *see Wind River Min. Corp. v. United States*, 946 F.2d 710, 712 (9th Cir. 1991) (citing 28 U.S.C. § 2401(a)), so WSU is well within its rights to bring and pursue its timely claim. And the fact that WSU did not seek a preliminary injunction (as noted by the Department, ECF 44 at 4) does not mean that it is not experiencing irreparable injury. Instead, it reflects the confidence that the normal progress of litigation, as set by the rules of this Court, will resolve these issues soon, ideally in the first semester of the 2021-22 school year. Of course, WSU reserves the right to seek preliminary relief if the alternative is years in litigation limbo.

**II.    This Case Is Governed By Local Rule 16-5 And There Is No Reason To Deviate From The Briefing Schedule Provided By That Rule**

Local Rule 16-5 prescribes deadlines for filing the administrative record and briefs that address all the issues "[i]n actions for District Court review on an administrative record."[3]  It applies to this APA action.  "While Civil L.R. 16-5 is most frequently implicated in review of Social Security matters, it is not limited to such matters." *Doe 1 v. Nielsen*, No. 18CV02349, 2018 WL 4468393, at *2 (N.D. Cal. July 19, 2018).  Rule 16-5 uses the same language that appears in Federal Rule of Civil Procedure 26 to exempt parties in APA actions from certain discovery obligations. *See* Fed. R. Civ. P. 26(a)(1)(B)(i) (exempting "an action for review on an administrative record"); *Pit River Tribe v. Bureau of Land Mgmt.*, No. 2:19-CV-02483, 2021 WL 2337598, at *3 (E.D. Cal. June 8, 2021). Indeed, in another case previously before this Court, the federal government stipulated that an APA challenge to a regulation was subject to Rule 16-5. *See Oceana Inc. v. Bryson*, No. 3:11-cv-06257, Dkt. 36 (Apr. 26, 2012) (assigned to Chen, J.).[4]

Of course, this Court has the power to permit deviations from Rule 16-5 if there is good cause to do so. *Cf.* Fed. R. Civ. P. 56 advisory committee's note (2010 amendments) ("the rule allows a motion for summary judgment to be filed at the commencement of an action" but "[s]cheduling orders or other pretrial orders can regulate timing to fit the needs of the case").  For

---

[3] Local Rule 16-5 provides:

> In actions for District Court review on an administrative record, the defendant must serve and file an answer, together with a certified copy of the transcript of the administrative record, within 90 days of receipt of service of the summons and complaint. Within 28 days of receipt of defendant's answer, plaintiff must file a motion for summary judgment pursuant to Civil L.R. 7-2 and Fed. R. Civ. P. 56. Defendant must serve and file any opposition or counter- motion within 28 days of service of plaintiff's motion. Plaintiff may serve and file a reply within 14 days after service of defendant's opposition or counter-motion. Unless the Court orders otherwise, upon the conclusion of this briefing schedule, the matter will be deemed submitted for decision by the District Court without oral argument.

[4] storage.courtlistener.com/recap/gov.uscourts.cand.250241/gov.uscourts.cand.250241.36.0.pdf.

example, in *SurvJustice, Inc. v. DeVos*, No. 18-cv-0535 (N.D. Cal.), a challenge to earlier Departmental actions around Title IX, another judge of this Court permitted the Department to file a motion to dismiss prior to filing the administrative record. But in that case, the plaintiffs had brought both APA *and* constitutional claims, and determining whether the constitutional claims would survive would affect whether discovery was appropriate. *See SurvJustice*, Dkt. 61 at 5-6 (Case Management Statement) (July 12, 2018).[5] Similarly, in a situation like that which arose in *In re United States*, 138 S. Ct. 443 (2017) – where, after the government filed the administrative record, there was a significant dispute about whether it was complete and the district court issued something akin to expansive discovery orders – it was an abuse of discretion "[u]nder the specific facts of this case" not to address a motion to dismiss first. *Id*. at 445.

But the Department points to nothing in this case that would warrant such a deviation from Rule 16-5, and there is nothing. The Department acknowledges that it has already compiled the administrative record and, in fact, has filed it in other courts – apparently without controversy (ECF 44 at 3). And while the Department mentions the burden it would experience briefing the merits of WSU's claims, it also asserts that WSU's claims are "virtually identical" to those it has already briefed in other cases (ECF 44 at 4). The Department also alludes to "threshold issues, including whether Plaintiff has Article III standing and whether there are other adequate alternative remedies that preclude review under the Administrative Procedure Act" (ECF 44 at 3), but it does not explain why these issues cannot be folded into the briefing authorized by Local Rule 16-5. Indeed, if the Court first heard the Department's briefing on the motion to dismiss, and the Department was unsuccessful, WSU would still need to brief and show (not just allege) its standing at summary judgment. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) ("each element [of

---

[5] storage.courtlistener.com/recap/gov.uscourts.cand.321800/gov.uscourts.cand.321800.61.0.pdf.

*Plaintiff's Opposition to Motion to Hold Case in Abeyance - 3:21-cv-01626-EMC*     8

standing] must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation"). While the Court is indisputably under an obligation to assure itself of its jurisdiction before *ruling* on the merits, *see Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998), no party is constitutionally entitled to separate briefing on jurisdictional issues before it is required to brief the merits.

The Court should reject Defendant's request and allow the parties to proceed with the schedule prescribed in Local Rule 16-5, a schedule followed in hundreds of cases in this Court, subject to any reasonable extension requests the parties make during the process.

Under that schedule, the Defendant must serve and file an answer, together with a certified copy of the transcript of the administrative record, on July 20, 2021, 90 days after the receipt of the service of the summons and complaint; Plaintiff must file a motion for summary judgment on August 17, 2021, 28 days after receipt of Defendant's answer; Defendant must serve and file any opposition or counter motion by September 14, 2021, 28 days after service of Plaintiff's motion; and Plaintiff may serve and file a reply on September 28, 2021, 14 days after service of Defendant's opposition or counter-motion. Consistent with that Rule, unless the Court orders otherwise, upon the conclusion of this briefing schedule, the matter will be deemed submitted for decision by the District Court without oral argument.

**CONCLUSION**

For the above reasons, WSU respectfully asks the Court to deny the motion to hold this case in abeyance and to confirm that this case is governed by Local Rule 16-5.

Date: June 11, 2021                                            Respectfully submitted,

| | |
|---|---|
| Seth M. Galanter* | Adele P. Kimmel (CA Bar No. 126843) |
| National Center for Youth Law | Alexandra Z. Brodsky* |
| 712 H Street NE, Suite 32020 | Public Justice |
| Washington, DC 20002 | 1620 L Street NW, Suite 630 |
| Ph: (202) 868-4781 | Washington, DC 20036 |
| Fax: (510) 835-8099 | Ph: (202) 797-8600 |
| Email: sgalanter@youthlaw.org | Fax: (202) 232-7203 |
| | Email: akimmel@publicjustice.net |
| | abrodsky@publicjustice.net |
| _/s/ Lauren A. Khouri_ | |
| Linda M. Correia* | John C. He (CA Bar No. 328382) |
| Lauren A. Khouri* | Adrienne Spiegel (CA Bar No. 330482) |
| Correia & Puth, PLLC | Public Justice |
| 1400 16th Street NW, Suite 450 | 475 14th Street, Suite 610 |
| Washington DC 20036 | Oakland, CA 94612 |
| Ph: (202) 602-6500 | Ph: (510) 622-8150 |
| Fax: (202) 602-6501 | Fax: (202) 232-7203 |
| Email: lcorreia@correiaputh.com | Email: aspiegel@publicjustice.net |
| lkhouri@correiaputh.com | jhe@publicjustice.net |

*admitted pro hac vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 11, 2021, a true and accurate copy of the foregoing was electronically filed with the Clerk of Court using the Court's CM/ECF system, which will send a notification of the filing to counsel in this case.

/s/ Lauren A. Khouri

*Plaintiff's Opposition to Motion to Hold Case in Abeyance - 3:21-cv-01626-EMC*