UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE WOMEN'S STUDENT UNION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>U.S. DEPARTMENT OF EDUCATION,<br><br>　　　　Defendant. | Case No. 21-cv-01626-EMC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STAY THE CASE**<br><br>Docket No. 44 |

　　　　Pending before the Court is the Department of Education's motion to stay the case for sixty days while it reviews the regulations at issue. *See* Docket No. 44 (Stay Mot.). For the following reasons, the motion is **DENIED**.

　　　　In 2020, then-Secretary of Education Betsy DeVos issued regulations that Plaintiff the Women's Student Union (WSU) contends weakened key federal protections under Title IX of the Education Amendments of 1972 for students who experience sexual harassment and discrimination in public schools. *See* Docket No. 1 ("Compl.") ¶ 8 (citing 85 Fed. Reg. 30,026 (May 19, 2020) (codified at various places in 34 C.F.R. Pt. 106) (the "Regulations")). WSU filed the instant action seeking to vacate the Regulations under the Administrative Procedure Act (APA) on March 8, 2021. The State of Texas and three groups—the Foundation for Individual Rights in Education, Independent Women's Law Center, and Speech First, Inc.—filed motions to intervene in this case on April 7 and May 24, 2021, respectively. *See* Docket Nos. 19, 25. The Court is scheduled to hear those motions on July 15, 2021.

　　　　Shortly after WSU filed its complaint, President Joseph Biden issued Executive Order 14,021 instructing the new Secretary of Education, Miguel Cardona, "to review the [Regulations]

1    and consider whether [they] should be suspended, revised, or rescinded." Stay Mot. at 1 (citing

2    Exec. Order No. 14,021, 86 Fed. Reg. 13,803 (Mar. 8, 2021)).  As a result, the Department filed

3    the instant motion to stay this case for sixty (60) days while it reviews the Regulations.  *Id.*

4          WSU argues that the Court should deny the stay because the Department could take

5    months—and certainly longer than sixty days—to review the Regulations.  *See* Docket No. 51

6    ("Opp'n") at 1.  The Court agrees.  On April 6, 2021, the Department released a letter from the

7    Acting Assistant Secretary for Civil Rights, Suzanne B. Goldberg, explaining that a formal

8    rulemaking process—including notice and comment—will be required "to determine changes or

9    additions to the Department's Tile IX regulations and any related agency actions that may be

10   necessary to fulfill the Executive Order."  Suzanne B. Goldberg, U.S. Dep't. of Educ., *Letter to*

11   *Students, Educators, and other Stakeholders re Executive Order 14021* (Apr. 6, 2021),

12   https://www2.ed.gov/about/offices/list/ocr/correspondence/stakeholders/20210406-titleix-eo-

13   14021.pdf.  Although Assistant Secretary Goldberg's letter does not establish a timeline by when

14   the Department will complete its review of the Regulations, a formal notice and comment

15   rulemaking process almost always takes longer than sixty days.  *Id.*  For example, it took the

16   Department *eighteen months*—from November 2018 to May 2020—to issue the Regulations in the

17   first place.  *See* 85 Fed. Reg. at 30,031.

18         There is also no guarantee that the Department will rescind the Regulations.  Assistant

19   Secretary Goldberg's letter does not indicate exactly how the Department intends to change the

20   Regulations.  Unlike some of President Biden's other executive orders that explicitly reverse the

21   prior administration's actions, Executive Order 14,021 only instructs the Department to "review"

22   the Regulations.  It is therefore entirely possible that the Department, after a lengthy notice and

23   comment period, decides not to rescind, suspend, or even revise the Regulations.  In short, it is

24   highly unlikely the case will be moot within 60 days or anywhere near that time period.  As the

25   Regulations remain intact, WSU risks prejudice by the proposed stay, particularly if the stay is

26   extended for substantial periods as the Department may well request.

27         Accordingly, the Court **DENIES** the Department's motion for a sixty-day abeyance

28   because it is highly unlikely that the Department will conduct a notice and comment rulemaking

United States District Court
Northern District of California

2

process to rescind, or otherwise modify the Regulations, in sixty days.

The Department is instructed to respond to the complaint within fourteen (14) days of this order.  The Court will hold the initial case management conference and hear arguments on the pending motions to intervene, as planned, on July 15, 2021.  The briefing schedule for those motions remains unchanged.

This order disposes of Docket Nos. 44 and 47.

**IT IS SO ORDERED**.

Dated: June 18, 2021

_____
EDWARD M. CHEN
United States District Judge