1  BRIAN M. BOYNTON
   Acting Assistant Attorney General
2  Civil Division

3  CARLOTTA P. WELLS
   Assistant Branch Director
4  Civil Division, Federal Programs Branch

5  BENJAMIN T. TAKEMOTO
   (CA Bar No. 308075)
6  Trial Attorney
   United States Department of Justice
7  Civil Division, Federal Programs Branch
   P.O. Box No. 883, Ben Franklin Station
8  Washington, DC 20044
   Phone: (202) 532-4252
9  Fax: (202) 616-8460
   E-mail: benjamin.takemoto@usdoj.gov

10
   *Attorneys for Defendant*
11
                UNITED STATES DISTRICT COURT FOR THE
12                 NORTHERN DISTRICT OF CALIFORNIA
                       SAN FRANCISCO DIVISION
13

14
   THE WOMEN'S STUDENT UNION,          Case No. 21-cv-1626-EMC
15
                                       **Defendant's Opposition to Texas's
                   Plaintiff,          Motion to Intervene**
16
         v.                            Hon. Edward M. Chen
17                                     Hearing: January 20, 2022, 1:30 p.m.

18 U.S. DEPARTMENT OF EDUCATION,       Phillip Burton Federal Building & United
                                       States Courthouse, Courtroom 5, 17th Fl.,
19                 Defendant.          450 Golden Gate Ave., San Francisco, CA
                                       94102
20

21

22

23

24

25

26

27

28

        ***WSU v. ED*, No. 21-cv-1626-EMC, Def.'s Opp'n Texas's Mot. Intervene**

This case raises a purely legal question about the validity of a Department of Education regulation concerning federal financial recipients' responses to sex discrimination, including sexual harassment. *See* Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance, 85 Fed. Reg. 30,026 (May 19, 2020) [hereinafter 2020 Rule]. The State of Texas has filed a Motion to Intervene as a Defendant based on its support for that regulation. ECF No. 82. That support, however, does not justify intervention: Texas has failed to show how the federal government, which is responsible for defending federal regulations in court, would inadequately defend the 2020 Rule. Nor has Texas asserted any unique claim or defense; it simply piggybacks on the federal government's interest in defending against legal challenges to the 2020 Rule. For these reasons, Texas has failed to show why it should be permitted to intervene, and its Motion to Intervene should be denied.

## BACKGROUND

On May 19, 2020, the Department of Education promulgated a regulation that specifies how recipients of federal financial assistance covered by Title IX, including elementary schools, secondary schools, colleges, and universities, must respond to allegations of sex discrimination, including sexual harassment, under Title IX of the Education Amendments of 1972. *See* 2020 Rule. Challenges to this regulation were brought in several districts. Two of those challenges have been dismissed. *See Know Your IX v. DeVos*, No. 20-cv-1224 (D. Md. dismissed Oct. 20, 2020); *New York v. ED*, No. 20-cv-4260 (S.D.N.Y. voluntarily dismissed Nov. 4, 2020). One is pending on appeal after the district court dismissed all but one claim. *See Victim Rights Law Center v. DeVos*, No. 20-cv-11104 (D. Mass. July 28, 2021), *appeal filed*, No. 21-1853 (1st Cir. Sept. 27, 2021). And another case has been held in abeyance. *See Pennsylvania v. DeVos*, No. 20-cv-1468 (D.D.C. stayed Mar. 11, 2021).

Plaintiff brought this action on March 8, 2021, in which it asserted a single claim: that the Department violated the Administrative Procedure Act (APA). *See* Compl. ¶¶ 83–89, ECF No. 1. Texas filed its first Motion to Intervene as Defendant on April 7, 2021, ECF No. 19, and the Organizational Movants filed their first Motion to Intervene on May 24, 2021. In its Order Granting Defendant's Motion to Dismiss, ECF No. 75, the Court dismissed these motions to intervene as "moot because they are based on the allegations in the original complaint." The Court also stated, "The movants may re-file their motions to intervene, if they so wish, after Plaintiff files its amended complaint." *Id.* at 15. Plaintiff filed its

*WSU v. ED*, No. 21-cv-1626-EMC, Def.'s Opp'n Texas's Mot. Intervene

Amended Complaint on October 4, 2021, ECF No. 78, and Texas filed its second Motion to Intervene on October 18, 2021.

## LEGAL STANDARD

Rule 24 of the Federal Rules of Civil Procedure governs the terms under which a non-party may intervene. The first part of the rule sets forth certain circumstances under which a court *must* permit intervention: when the movant "is given an unconditional right to intervene by a federal statute; or . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). And the second part of the rule sets forth other circumstances under which a court *may* permit intervention: when the movant "is given a conditional right to intervene by a federal statute; or . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b).

## ARGUMENT

Texas has failed to show that either mandatory or permissive intervention is warranted here.

### I. Mandatory Intervention Should Be Denied Because Defendant Adequately Represents Texas's Interests.

The Court should deny mandatory intervention because Texas has not made a compelling showing that the federal government will not adequately represent its interests. The Ninth Circuit "considers three factors in determining the adequacy of representation: (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). In practice, however, "[t]he 'most important factor' to determine whether a proposed intervenor is adequately represented by a present party to the action is 'how the [intervenor's] interest compares with the interests of existing parties.'" *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950–51 (9th Cir. 2009) (quoting *Arakaki*, 324 F.3d at 1086). So "[w]here the party and the proposed intervenor share the same 'ultimate objective,' a presumption of adequacy of representation applies, and the intervenor can rebut that presumption only with a 'compelling showing' to the contrary."

1  *Id.* (quoting *Arakaki*, 324 F.3d at 1086) (citing *League of United Latin Am. Citizens v. Wilson*, 131 F.3d
2  1297, 1305 (9th Cir. 1997)).

3       In addition, "[t]here is also an assumption of adequacy when the government is acting on behalf
4  of a constituency that it represents, which must be rebutted with a compelling showing." *Citizens for*
5  *Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011) (internal quotation marks
6  omitted). For example, "[t]his presumption of adequacy is 'nowhere more applicable than in a case where
7  the Department of Justice deploys its formidable resources to defend the constitutionality of a
8  congressional enactment.'" *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 841 (9th Cir.
9  2011) (quoting *California ex rel. Lockyer v. United States*, 450 F.3d 436, 444 (9th Cir. 2006)).

10      Defendant's representation of the interests advanced by Texas is presumed to be adequate, as a
11  matter of law, for two independent reasons: (1) because Defendant and Texas "share the same 'ultimate
12  objective,'" *Perry*, 587 F.3d at 951 (quoting *Arakaki*, 324 F.3d at 1086)—to defend the Final Rule in
13  litigation—and (2) because Defendant is a federal agency represented by the Department of Justice, and
14  the Amended Complaint challenges only the legality of the 2020 Rule, *Citizens for Balanced Use*, 647
15  F.3d at 898; *Freedom from Religion Found.*, 644 F.3d at 841. Ninth Circuit precedent requires a
16  particularly "compelling showing" to justify intervention. *Perry*, 587 F.3d at 951. Texas has not made
17  such a showing.

18      Texas argues that it has overcome this presumption because the current administration "is
19  demonstrably hostile to the rule it purports to defend." Texas's Mem. ISO Mot. Intervene 15, ECF No.
20  84. However, "the mere change from one presidential administration to another, a recurrent event in our
21  system of government, should not give rise to intervention as of right in ongoing lawsuits." *United States*
22  *v. City of Los Angeles*, 288 F.3d 391, 403 (9th Cir. 2002) (quoting *Sagebrush Rebellion, Inc. v. Watt*, 713
23  F.2d 525, 528 (9th Cir.1983)). For example, the fact that President George W. Bush "expressed opposition
24  to consent decrees between the federal government and local law enforcement agencies on several
25  occasions during his campaign" was insufficient to grant one consent decree supporter's motion to
26  intervene: "Campaign rhetoric and perceived philosophic differences without more specific objective
27  evidence in the record are insufficient by themselves to demonstrate adversity of interest." *Id.*

28      The Department does not dispute that it is conducting a comprehensive review of its regulations

implementing Title IX, including the 2020 Rule, pursuant to Executive Order 14,021 (which states the government's policy on guaranteeing an educational environment free from discrimination on the basis of sex). *See* Guaranteeing an Educational Environment Free from Discrimination on the Basis of Sex, Including Sexual Orientation or Gender Identity, 86 Fed. Reg. 13,803 (Mar. 8, 2021). But neither the government's stated policy position nor the Department's review of existing regulations abrogate the government's duty to defend federal regulations in court as a legal matter. And, those statements certainly do not support Texas's suggestion that the federal government would neglect to raise necessary arguments as the defendant in this proceeding. On the contrary, the Department of Justice is capable of defending this litigation, while leaving room for any policy changes to the existing rule to be made through the ordinary administrative process. Until the Department of Education's review of the regulations implementing Title IX under Executive Order 14,021 is complete, it would be premature to conclude that the government is an inadequate representative.[1]

Texas also asserts that the Department "has refused to defend the Rule in other litigation," citing the government's decision not to appeal the *Victim Rights Law Center* judgment, which upheld all but one provision of the 2020 Rule. *See* Texas's Mem. 15. The decision not to appeal that judgment, however, was strategic, not a refusal to defend the 2020 Rule in litigation. And difference in litigation strategy does not overcome the presumption of adequate representation. *See Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 954 (9th Cir. 2009) (observing that adequacy of representation does not turn on whether an existing party will litigate a case "in the exact manner" that a proposed intervener would); *League of United Latin Am. Citizens*, 131 F.3d at 1306 (noting that where a "proposed intervenor . . . has vested its claim for intervention entirely upon a disagreement over litigation strategy or legal tactics, courts have been hesitant to accord the applicant full-party status."); *cf. California ex rel. Lockyer*, 450 F.3d at 444 (observing that "just because the government theoretically may offer a limiting construction of a statute that is narrower than that of a party proposing intervention does not mean that the party has overcome the presumption of adequacy of representation"). The decision on whether to appeal involves many considerations, including that the court of appeals could issue a broader decision that is adverse to the

---

[1] To be sure, Defendant has not yet filed any pleading or motion setting forth its legal position on the merits of this case. This supports denial of Texas's motion without prejudice; its motion could be renewed at a later date if it believes that Defendant is not adequately defending the legality of the 2020 Rule.

government and intervener's interests. That Texas disagrees with the federal government's analysis of those risks is not enough to overcome its burden. Consequently, Texas has failed to demonstrate a right to intervene.

## II.     Permissive Intervention Should Be Denied Because Texas Has Not Raised a Unique Claim or Defense.

The Court should also deny permissive intervention. Under Federal Rule of Civil Procedure 24(b), "a court may grant permissive intervention where the applicant for intervention shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1100 (9th Cir. 1999) (quoting *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997)). "Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). "In exercising its discretion, the district court must consider whether intervention will unduly delay the main action or will unfairly prejudice the existing parties." *Id.*

The Court should deny permissive intervention because this case involves purely legal attacks on the facial validity of the 2020 Rule. Unlike a dispute between private litigants in which a non-party seeks to intervene as a defendant to ensure that *its own* legal rights and obligations are adjudicated fairly and with its participation, Texas has no "claim or defense" that is "in common" with either Plaintiff or Defendant. It has no affirmative "claim" at all, as it seeks to intervene only as defendants. And it has no "defense" that is common to the government, as no plaintiff could bring an APA claim against any entity other than the federal government. Texas might (or might not) serve a helpful role as an *amicus*, to the extent that it assists in presenting certain legal issues to the Court. But given the nature of this lawsuit against the federal government, supporting Defendant and hoping that it prevails does not give rise to a common "claim or defense" with any party in this litigation.

Texas also argues that permissive intervention is warranted because it "seeks to defend interests that will otherwise go unprotected in the proceeding." Texas's Mem. 18. But once again, Texas incorrectly believes, based on the Department's regulatory review of the 2020 Rule, that the federal government will not defend Texas's interests in this case. In fact, the federal government can defend a regulation in court

*WSU v. ED*, No. 21-cv-1626-EMC, Def.'s Opp'n Texas's Mot. Intervene

1    while allowing the ordinary rulemaking process to proceed. Making Texas a defendant will only

2    complicate these proceedings by interfering with the government's strategic litigation decisions and

3    creating more or duplicative filings. And, were the Department to be dismissed with only Texas to remain

4    as a defendant, tasks that are ordinarily left to the government, such as certifying the administrative record

5    and litigating its completeness, would be difficult or impossible for Texas to perform. Permissive

6    intervention is unwarranted.

7                                    **CONCLUSION**

8          For the foregoing reasons, the Court should deny Texas's Motion to Intervene.

9    Dated: November 22, 2021                    Respectfully Submitted,

10                                               BRIAN M. BOYNTON
                                                 Acting Assistant Attorney General
11                                               Civil Division

12                                               CARLOTTA P. WELLS
                                                 Assistant Branch Director
13                                               Civil Division, Federal Programs Branch

14

15                                               BENJAMIN T. TAKEMOTO
                                                 (CA Bar No. 308075)
16                                               Trial Attorney
                                                 United States Department of Justice
17                                               Civil Division, Federal Programs Branch
                                                 P.O. Box No. 883, Ben Franklin Station
18                                               Washington, DC 20044
                                                 Phone: (202) 532-4252
19                                               Fax: (202) 616-8460
                                                 E-mail: benjamin.takemoto@usdoj.gov
20
                                                 *Attorneys for Defendant*
21

22

23

24

25

26

27

28