JOHN C. HE (CA Bar No. 328382)
Public Justice
475 14th Street, Suite 610
Oakland, CA 94612
Ph: (510) 622-8150
Fax: (202) 232-7203
Email: jhe@publicjustice.net

ADELE P. KIMMEL (CA Bar No. 126843)
ALEXANDRA Z. BRODSKY*
Public Justice
1620 L Street NW, Suite 630
Washington, DC 20036
Ph: (202) 797-8600
Fax: (202) 232-7203
Email: akimmel@publicjustice.net
        abrodsky@publicjustice.net

LINDA M. CORREIA*
LAUREN A. KHOURI*
Correia & Puth, PLLC
1400 16th Street NW, Suite 450
Washington DC 20036
Ph: (202) 602-6500
Fax: (202) 602-6501
Email: lcorreia@correiaputh.com
        lkhouri@correiaputh.com

JOHN T. LEWIS*
KARIANNE M. JONES*
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
Ph: (202) 448-9090
Email: jlewis@democracyforward.org
        kjones@democracyforward.org

*Attorneys for Plaintiff*

*admitted pro hac vice*

BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division

CARLOTTA P. WELLS
Assistant Branch Director
Civil Division, Federal Programs Branch

BENJAMIN T. TAKEMOTO
(CA Bar No. 308075)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box No. 883, Ben Franklin Station
Washington, DC 20044
Phone: (202) 532-4252
Fax: (202) 616-8460
E-mail: benjamin.takemoto@usdoj.gov

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

***WSU v. ED**, No. 21-cv-1626-EMC, Case Management Statement*

THE WOMEN'S STUDENT UNION,

Plaintiff,

v.

U.S. DEPARTMENT OF EDUCATION,

Defendant.

Case No. 21-cv-1626-EMC

**Case Management Statement**

Hon. Edward M. Chen
Hearing: January 20, 2022, 1:30 p.m.

Phillip Burton Federal Building & United States Courthouse, Courtroom 5, 17th Floor, 450 Golden Gate Ave., San Francisco, CA 94102

The parties respectfully submit the following Joint Case Management Statement, pursuant to the Court's standing order and its November 12, 2021 clerk's notice, ECF No. 92.

1.   Jurisdiction and Service

There are no issues regarding personal jurisdiction or venue, and Defendant U.S. Department of Education has been served. However, the parties disagree on whether the Court has subject-matter jurisdiction.

In Defendant's view, the Court lacks subject-matter jurisdiction because Plaintiff The Women's Student Union lacks standing to challenge provisions of the U.S. Department of Education's *Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance*, 85 Fed. Reg. 30,026 (May 19, 2020) [hereinafter 2020 Rule], and because this case is unripe. Defendant has filed a motion to dismiss Plaintiff's First Amended Complaint [hereinafter AC], ECF No. 78, on these grounds, ECF No. 89; Plaintiff has filed an opposition, ECF No. 103; and Defendant has filed a reply, ECF No. 107. Argument on that motion is scheduled for January 20, 2022.

2.   Facts

Plaintiff alleges that it "is an unincorporated association and an approved student body association of the Berkeley Unified School District of Berkeley, California." AC ¶ 16. It has brought this lawsuit seeking to vacate portions of the 2020 Rule.

Because Plaintiff asserts that portions of the 2020 Rule violate the Administrative Procedure Act (APA), the factual matter of this lawsuit is limited to the administrative record, absent a showing of bad faith or improper behavior.

3.   Legal Issues

The central legal issue in this case is whether the 2020 Rule violates the APA. Defendant has also raised in its motion to dismiss the threshold legal issue of whether Plaintiff has standing and whether this case is ripe. ECF No. 89.

*WSU v. ED*, No. 21-cv-1626-EMC, Case Management Statement

4. <u>Motions</u>

At present, there are three motions pending.

Defendant has filed a motion to dismiss this action on the ground that Plaintiff lacks standing and that this case is unripe. ECF No. 89. Plaintiff opposes that motion.

Texas and three organizations (Foundation for Individual Rights in Education, the Independent Women's Law Center, and Speech First, Inc.) have filed motions to intervene as defendants. ECF Nos. 82 & 88. The parties oppose these motions.

Defendant previously filed a motion to hold this case in abeyance, which the Court denied. ECF No. 56.

If this case proceeds beyond the Rule 12 stage, the parties anticipate that they would file cross-motions for summary judgment.

5. <u>Amendment of Pleadings</u>

Plaintiff does not anticipate amending the Complaint again at this time. Defendant has not yet filed an answer to the Complaint.

6. <u>Evidence Preservation</u>

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. Because this proceeding is exempt from initial disclosure under Rule 26(a)(1)(B)—this is an action for review on an administrative record—the parties need not confer under Rule 26(f). *See* Fed. R. Civ. P. 26(f)(1). However, the parties can confirm that they have taken reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.

7. <u>Disclosures</u>

This case is exempt from initial disclosure because it is "an action for review on an administrative record." *See* Fed. R. Civ. P. 26(a)(1)(B)(i). Accordingly, no initial disclosures have been made.

8. <u>Discovery</u>

The parties do not anticipate discovery in this case because—absent a showing of bad faith or improper behavior—the Court's review is limited to "the whole record or those parts of it cited by the party." *See* 5 U.S.C. § 706.

9.  Class Actions

This is not a class action.

10. Related Cases

The following cases also involve a challenge to the 2020 Rule: *Know Your IX v. DeVos*, No. 20-cv-1224 (D. Md. dismissed Oct. 20, 2020); *New York v. ED*, No. 20-cv-4260 (S.D.N.Y. dismissed Nov. 4, 2020); *Victim Rights Law Center v. DeVos*, No. 20-cv-11104 (D. Mass. summary judgment granted in part and denied in part July 28, 2021), *appeal filed*, Nos. 21-1773, 21-1777, 21-1782, and 21-1784 (1st Cir. Sept. 27, 2021); and *Pennsylvania v. DeVos*, No. 20-cv-1468 (D.D.C. stayed Mar. 11, 2021).

11. Relief

Plaintiff seeks to have the 2020 Rule vacated and to receive "reasonable costs and attorneys' fees incurred in the prosecution of this action." *See* AC at 32.

12. Settlement and ADR

The parties met and conferred pursuant to Rule 3-5 of the ADR Local Rules "to discuss the available ADR processes, to identify the process each believes will be most helpful to the parties' settlement efforts, to specify any formal or informal exchange of information needed before an ADR session, and to attempt to agree on an ADR process and a deadline for the ADR session." They concluded that ADR would be inappropriate at this time. No key discovery or motions are necessary to position the parties to negotiate a resolution.

13. Consent to Magistrate Judge for all Purposes

The parties do not consent to have a magistrate judge conduct all further proceedings.

14. Other References

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues

Defendant believes that its pending motion to dismiss (ECF No. 89) could eliminate or narrow the issues before the Court: if the Court grants Defendant's motion to dismiss, the case would be dismissed;

1   if the Court grants the motion to dismiss in part and denies it in part, certain issues may be narrowed.

2   Plaintiff expects the motion to dismiss will not narrow the issues before the Court.

3   16. Expedited Trial Procedure

4          This is not the type of case that can be handled under the Expedited Trial Procedure of General

5   Order No. 64 Attachment A.

6   17. Scheduling

7          As discussed above, the parties currently do not believe that discovery is appropriate in this case.

8   The parties disagree on whether to proceed to summary judgment now.

9   **Plaintiff's Position:**

10          Plaintiff continues to believe that Defendant should be ordered to file the administrative record

11   with the court forthwith. Local Rule 16-5 required the Defendant to file the administrative record on July

12   20, 2021, 90 days after the receipt of the service of the summons and complaint. Similarly, 90 days

13   following service of the Amended Complaint elapsed on January 2, 2022. There is no basis to further

14   delay Defendant's compliance with this obligation, or reason not to follow the briefing schedule prescribed

15   by that rule.

16          Rule 16-5 prescribes deadlines for filing the administrative record and briefs that address all the

17   issues "[i]n actions for District Court review on an administrative record." "While Civil L.R. 16-5 is most

18   frequently implicated in review of Social Security matters, it is not limited to such matters." *Doe 1 v.*

19   *Nielsen*, No. 18CV02349, 2018 WL 4468393, at *2 (N.D. Cal. July 19, 2018). The text of Local Rule 16-

20   5 uses the same language that appears in Federal Rule of Civil Procedure 26 to exempt parties in APA

21   actions from certain discovery obligations. *See* Fed. R. Civ. P. 26(a)(1)(B)(i) (exempting "an action for

22   review on an administrative record"); *Pit River Tribe v. Bureau of Land Mgmt.*, No. 2:19-CV-02483, 2021

23   WL 2337598, at *3 (E.D. Cal. June 8, 2021). The parties rely on that very language in Sections 6 and 7,

24   above, to explain why initial disclosures are not required in this case. The federal government likewise

25   stipulated in another case that an APA challenge to a regulation was subject to Local Rule 16-5. *See*

26   *Oceana Inc. v. Bryson*, No. 3:11-cv-06257, Dkt. 36 (Apr. 26, 2012) (Case Management Statement)

27   (assigned to Chen, J.).

28

*WSU v. ED*, No. 21-cv-1626-EMC, Case Management Statement

Defendant's only objection now appears to be that it wants the Court to rule on the motion to dismiss before the Defendant is put to the administrative hassle of filing the record. But it acknowledges that it has already compiled the administrative record and, in fact, has filed it in other courts—apparently without controversy (ECF No. 44 at 3). Thus this case does not appear analogous to that which arose in *In re United States*, 138 S. Ct. 443 (2017). There, after the government filed the administrative record, there was a significant dispute about whether it was complete and the district court issued something akin to expansive discovery orders. The Supreme Court held that it was an abuse of discretion "[u]nder the specific facts of th[at] case" for the district court not to address a motion to dismiss before requiring discovery to supplement the administrative record. *Id.* at 445. But Defendant points to no similar circumstances that might arise in this case.

While the Court is indisputably under an obligation to assure itself of its jurisdiction before *ruling* on the merits, *see Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998), no party is constitutionally entitled to a ruling on its jurisdictional challenges before it is required to meet certain ministerial requirements, such as filing the record as required by Local Rule 16-5. Further, Rule 56 "allows a motion for summary judgment to be filed at the commencement of an action," subject to the scheduling discretion of the court. Fed. R. Civ. P. 56 advisory committee's note (2010 amendments). One party should not be able to unilaterally preclude another party from seeking summary judgment simply by withholding the administrative record.

**Defendant's Position:**

Defendant believes that the parties should not proceed to the merits—including filing motions for summary judgment and a supporting administrative record—until the Court rules on Defendant's motion to dismiss. The "first and fundamental" question for any court is that of jurisdiction: "[t]he requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception," and therefore "[w]ithout jurisdiction the court cannot proceed at all in any cause." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94–95 (1998). However, under Plaintiff's proposed schedule, the parties would proceed with briefing the merits, which involves producing an administrative record of nearly 300,000 pages and lengthy briefing

of complex legal issues, before the Court assures itself of jurisdiction. Although the Constitution may not prohibit a scheduling order that sets forth simultaneous motions to dismiss and for summary judgment, it would be a potential waste of the parties' resources to do so given the Court's obligation to resolve jurisdictional questions first. For this reason, Rule 56 of the Federal Rules of Civil Procedure discourages briefing summary judgment before the district court resolves threshold issues: "Although the rule allows a motion for summary judgment to be filed at the commencement of an action, in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had. Scheduling orders or other pretrial orders can regulate timing to fit the needs of the case." Fed. R. Civ. P. 56 advisory committee's note (2010 amendments).

Notably, the Supreme Court has admonished another court in this district to decide motions to dismiss before proceeding to further stages of the litigation, including lodging the administrative record and summary judgment. *See In re United States*, 138 S. Ct. 443 (2017). Indeed, the grounds on which Plaintiff distinguishes that decision are precisely the reasons why the Court should not order the parties to proceed to the merits now. Although Defendant is confident that the administrative record is complete, if the Court ordered it to be filed now, Plaintiff would have an opportunity to file a motion to supplement the record. Briefing and resolving such motions when there are serious jurisdictional and threshold questions may prove to be an unnecessary task. In addition, courts in this district are among the few that order privilege logs to accompany administrative records. Defendant objects to that requirement, which is borrowed from the completely different context of civil discovery. But should the Court order a privilege log, this would be the first case involving a challenge to the 2020 Rule in which Defendant would have to prepare one. And preparing such a log for an approximately 300,000 page record would also be a laborious and potentially unnecessary task.

For these reasons, district courts routinely decide motions to dismiss before ordering briefing on summary judgment, including in this very case. *See also, e.g.*, Order, *SurvJustice, Inc. v. DeVos*, No. 18-cv-0535, ECF No. 128 (N.D. Cal. May 2, 2019) (scheduling summary judgment briefing only after denying in part the defendants' motion to dismiss in a case involving a challenge to the Department's 2017 guidance documents on sexual harassment). Because there continue to be serious jurisdictional and

*WSU v. ED*, No. 21-cv-1626-EMC, Case Management Statement

1   threshold questions in this case regarding Plaintiff's standing, the parties should not proceed to summary

2   judgment until those issues have been resolved.

3           Rule 16-5 of the Civil Local Rules, which Plaintiff believes supports lodging the administrative

4   record now, does not counsel in favor of a different result. Defendant understands that rule to apply only

5   to Social Security cases, not APA cases, such as this. Ordinary Social Security cases, which involve a

6   dispute over a particular person's benefits, often do not involve the type of threshold issues that frequently

7   arise in APA cases, such as the availability of an adequate alternative remedy or Article III standing.

8   Accordingly, in an ordinary Social Security case, a requirement to file an administrative record within 90

9   days of service of the summons and complaint—regardless of outstanding threshold issues—does not

10  present the sort of issues present here. And even if this Court determines that Rule 16-5 applies to APA

11  cases, it still should not order Defendant to file the administrative record before the Court resolves the

12  motion to dismiss for the reasons stated above.

13          Accordingly, Defendant proposes that the parties file a joint status report proposing a summary

14  judgment schedule, including a schedule for the supporting administrative record, two weeks after the

15  Court rules on Defendant's motion to dismiss.

16  18. Trial

17          The parties believe that this case should not proceed beyond summary judgment and, thus, that a

18  trial would be inappropriate.

19  19. Disclosure of Non-party Interested Entities or Persons

20          Plaintiff filed its Certificate of Interested Entities on March 8, 2021. ECF No. 6. Defendant, which

21  is a government entity, is not required to file a Certification of Interested Entities or Persons and has not

22  done so. *See* Civil L.R. 3-15(a).

23  20. Professional Conduct

24          All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for

25  the Northern District of California.

26  Dated: January 13, 2022                          Respectfully Submitted,

27  JOHN C. HE (CA Bar No. 328382)                   BRIAN M. BOYNTON
    Public Justice                                   Acting Assistant Attorney General

28
                **WSU v. ED, No. 21-cv-1626-EMC, Case Management Statement**

                                          7

475 14th Street, Suite 610
Oakland, CA 94612
Ph: (510) 622-8150
Fax: (202) 232-7203
Email: jhe@publicjustice.net

ADELE P. KIMMEL (CA Bar No. 126843)
ALEXANDRA Z. BRODSKY*
Public Justice
1620 L Street NW, Suite 630
Washington, DC 20036
Ph: (202) 797-8600
Fax: (202) 232-7203
Email: akimmel@publicjustice.net
        abrodsky@publicjustice.net

LINDA M. CORREIA*
LAUREN A. KHOURI*
Correia & Puth, PLLC
1400 16th Street NW, Suite 450
Washington DC 20036
Ph: (202) 602-6500
Fax: (202) 602-6501
Email: lcorreia@correiaputh.com
        lkhouri@correiaputh.com

*/s/ John T. Lewis*
JOHN T. LEWIS*
KARIANNE M. JONES*
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
Ph: (202) 448-9090
Email: jlewis@democracyforward.org
        kjones@democracyforward.org

*Attorneys for Plaintiff*

*admitted pro hac vice

Civil Division

CARLOTTA P. WELLS
Assistant Branch Director
Civil Division, Federal Programs Branch

*/s/ Benjamin T. Takemoto (with consent)*
BENJAMIN T. TAKEMOTO
(CA Bar No. 308075)

Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box No. 883, Ben Franklin Station
Washington, DC 20044
Phone: (202) 532-4252
Fax: (202) 616-8460
E-mail: benjamin.takemoto@usdoj.gov

*Attorneys for Defendant*

**WSU v. ED, No. 21-cv-1626-EMC, Case Management Statement**