John C. He (CA Bar No. 328382)
Public Justice
475 14th Street, Suite 610
Oakland, CA 94612
Ph: (510) 622-8150
Fax: (202) 232-7203
Email: jhe@publicjustice.net

*Full listing in signature block*

Counsel for Plaintiff The Women's Student Union

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE WOMEN'S STUDENT UNION, *Plaintiff*, v. U.S. DEPARTMENT OF EDUCATION, *Defendant*. | **NOTICE OF LETTER FROM DEPARTMENT OF EDUCATION** <br><br> Civil Action No. 3:21-cv-01626-EMC <br><br> Judge: Honorable Edward M. Chen <br><br> Hearing: January 20, 1:30 PM (virtual) Courtroom 5, 17th Floor, 450 Golden Gate Ave., San Francisco, CA 94102 |

Plaintiff the Women's Student Union respectfully submits the following notice to inform the Court of a letter WSU received from the Department of Education yesterday afternoon (attached as Exhibit A). After nearly 200 days of silence, and on the eve of today's hearing, ED's Office of Civil Rights informed WSU that it intended to open an investigation into Berkeley Unified School District in response to WSU's complaint. The letter contains very little information about the scope of the purported investigation—in sharp contrast to OCR's general practice of delineating which allegations it intends to investigate or not, and why, when opening an investigation, and to OCR's repeated requests for additional details about WSU's complaint.

However, the letter indicates that, as WSU has alleged, OCR will not investigate allegations that no longer violate Title IX for purposes of administrative enforcement. For example, OCR asserts only that it will investigate BUSD's responses to harassment "at the School," to the exclusion of harassment outside of the school's program or activity that has effects within the school environment. *See* Amended Compl. ¶¶ 46-53, 90-95, ECF No. 78. OCR also indicates it will investigate events going back to the 2018-2019 school year, which would not be covered by the 2020 Regulations. If any doubt remained, the letter contains a footnote explaining that OCR intends to investigate pre-2020 Regulations incidents contained in WSU's complaint under the terms of the Department's prior interpretations of Title IX.

WSU welcomes OCR's belated announcement of its intent to investigate. But the resultant investigation will not, and cannot, fully redress WSU's injuries, and so yesterday's development does not defeat WSU's standing in this case. The crux of WSU's standing theory—that WSU can no longer raise certain allegations before OCR, depriving it of an important procedural protection—remains the same. If anything, the little information OCR has provided about the scope of its planned investigation only corroborates that injury. The fact that OCR intends to investigate some allegations not covered by the 2020 Regulations, or that still violate Title IX even as interpreted by the 2020 Regulations, has no bearing on that theory. It also has no bearing on WSU's ability to file future complaints asserting claims that are no longer cognizable under the 2020 Rule. *See, e.g.*, Amended Compl. ¶¶ 89, 92.

For these reasons, WSU urges the Court to deny ED's motion to dismiss.

Date: January 20, 2022                              Respectfully submitted,

<div style="display:flex">

/s/ John T. Lewis
John T. Lewis*
Karianne M. Jones*
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
Ph: (202) 448-9090
Email: jlewis@democracyforward.org
   kjones@democracyforward.org

Linda M. Correia*
Lauren A. Khouri*
Correia & Puth, PLLC
1400 16th Street NW, Suite 450
Washington DC 20036
Ph: (202) 602-6500
Fax: (202) 602-6501
Email: lcorreia@correiaputh.com
   lkhouri@correiaputh.com

</div>

Adele P. Kimmel (CA Bar No. 126843)
Alexandra Z. Brodsky*
Public Justice
1620 L Street NW, Suite 630
Washington, DC 20036
Ph: (202) 797-8600
Fax: (202) 232-7203
Email: akimmel@publicjustice.net
   abrodsky@publicjustice.net

John C. He (CA Bar No. 328382)
Public Justice
475 14th Street, Suite 610
Oakland, CA 94612
Ph: (510) 622-8150
Fax: (202) 232-7203
Email: jhe@publicjustice.net

* admitted *pro hac vice*

|   |   |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I hereby certify that on January 20, 2022, a true and accurate copy of the foregoing was |
| 3 | electronically filed with the Clerk of Court using the Court's CM/ECF system, which will send a |
| 4 | notification of the filing to counsel in this case. |
| 5 | /s/ John T. Lewis |

*Notice of Letter from Department of Education*
*3:21-cv-01626-EMC*

# EXHIBIT A



UNITED STATES DEPARTMENT OF EDUCATION
OFFICE FOR CIVIL RIGHTS

REGION IX
CALIFORNIA

50 UNITED NATIONS PLAZA
MAIL BOX 1200; ROOM 1545
SAN FRANCISCO, CA 94102

January 19, 2022

**VIA ELECTRONIC MAIL**

Adele Kimmel, akimmel@publicjustice.net
Alexandra Brodsky, abrodsky@publicjustice.net
Adrienn Spiegel, aspiegel@publicjustice.net
Linda Correia, lcorreia@correiaputh.com
Lauren A. Khouri, lkhouri@correiaputh.com

(In reply, please refer to case no. 09-21-1128.)

Dear Ms. Kimmel, Ms. Brodsky, Ms. Spiegel, Ms. Correia, and Ms. Khouri:

On February 26, 2021, the U.S. Department of Education (Department), Office for Civil Rights (OCR), received your complaint against Berkeley Unified School District (District).  Your complaint alleges discrimination on the basis of sex.  OCR currently understands your allegation to be that the District has allowed a hostile environment on the basis of sex to exist at Berkeley High School (the School) by failing to respond promptly and effectively to incidents of sexual harassment at the School from the 2018-2019 school year to the present.

OCR enforces Title IX of the Education Amendments of 1972 (Title IX), 20 U.S.C. §§ 1681-1688, and its implementing regulation at 34 C.F.R. Part 106, which prohibit discrimination on the basis of sex in any education program or activity operated by a recipient of Federal financial assistance.  As a recipient of Federal financial assistance from the Department, the District is subject to Title IX.[1]

OCR is opening the complaint allegation for investigation.

Please note that opening the allegation for investigation in no way implies that OCR has made a determination with regard to its merits.  During the investigation, OCR is a neutral fact-finder,

---

[1] Amendments to the Title IX regulation went into effect on August 14, 2020, and can be viewed here. However, with regard to alleged incidents that occurred prior to that date, OCR is evaluating your complaint based on the prior Title IX regulation that was in effect at the time when the alleged acts occurred.  You can find that regulation here. For more information about Title IX, including the new Title IX regulation and related resources, visit OCR's website at
https://www2.ed.gov/about/offices/list/ocr/docs/tix_dis.html and
https://www2.ed.gov/about/offices/list/ocr/frontpage/faq/rr/policyguidance/index.html.

collecting and analyzing relevant evidence from the complainant, the recipient, and other sources, as appropriate. OCR will ensure that its investigation is legally sufficient and is dispositive of the allegation, in accordance with the provisions of Article III of the *Case Processing Manual*.[2] You may also have the right to file a private suit in federal court whether or not OCR finds a violation.

OCR is committed to resolving complaints as promptly as possible. OCR will contact you or your designated representative soon to discuss the allegation and the complaint resolution process. Please read the enclosed document entitled "OCR Complaint Processing Procedures," which includes information about OCR's complaint evaluation and resolution procedures. Our procedures provide for investigations to be terminated if the University has taken actions that completely resolve the issues in the complaint. OCR may close this complaint prior to making formal findings of compliance or non-compliance, provided that the circumstances or information gathered establishes an administrative or other basis for resolution in accordance with the *Case Processing Manual*.

Please be advised that the District may not harass, coerce, intimidate, discriminate, or otherwise retaliate against any individual because he or she has filed a complaint or participated in the complaint resolution process. If this happens, the individual subjected to such retaliatory treatment may file another complaint alleging retaliation.

Under the Freedom of Information Act, it may be necessary to release this document and related correspondence and records upon request. In the event that OCR receives such a request, we will seek to protect, to the extent provided by law, personally identifiable information, which, if released, could reasonably be expected to constitute an unwarranted invasion of personal privacy.

If you have any questions about this letter, please contact Staff Attorney Rhonda Ngom at rhonda.ngom@ed.gov.

Sincerely,

*Sara Berman*

Sara Berman
Team Leader

Enclosure

---

[2] The Case Processing Manual is available at https://www2.ed.gov/about/offices/list/ocr/docs/ocrcpm.pdf.